UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


HARIKRISHNA A. PATEL,

      Plaintiff,

v.                                              CASE No.  8:04-CV-2647-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

_____


O R D E R

      The plaintiff in this case seeks judicial review of the denial of his

claim for supplemental security income payments.[1]   Because the decision of

the Commissioner of Social Security is supported by substantial evidence and

does not contain any reversible error, the decision will be affirmed.

I.

      The plaintiff, who was forty-eight years old at the time of the

administrative hearing and who completed the twelfth grade in India,[2] has

_____

    [1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

    [2]On the disability report form, the plaintiff marked that he completed four years or more of college (Tr. 95).  However, at the hearing, the plaintiff testified that he completed high school in India (Tr. 35).

worked primarily as a motel maintenance worker (Tr. 34, 90).  He filed a claim for supplemental security income payments, alleging that he became disabled due to injuries to both of his knees (Tr. 89).  The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge.  The law judge found that the plaintiff had a severe impairment of knee osteoarthritis (Tr. 13).  He concluded that this impairment restricted the plaintiff to a significant range of light work with frequent limitations in kneeling, squatting and high impact activities involving the knees (Tr. 15).  He also included the restrictions of performing routine tasks with a sit/stand option at work that does not involve the use of leg controls (<u>id</u>.).  These limitations precluded the plaintiff from engaging in his past relevant work (<u>id</u>.).  However, the law judge determined, based on the testimony of the vocational expert, that there were jobs in the national economy that the plaintiff could perform, such as a cashier II, small parts assembler and machine tender (Tr. 16).  Accordingly, the law judge decided that the plaintiff was not disabled (<u>id</u>.).  The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. 1382c(a)(3)(A).   A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff alleges that he became disabled on April 2, 2002, due to pain in both knees. The law judge, consistent with the plaintiff's allegations, found that the plaintiff suffers from knee osteoarthritis (Tr. 17). However, the law judge found further that the plaintiff is capable of performing a significant range of light work that includes a sit/stand option (id.). Notably, the plaintiff had surgery on both knees that doctors' notes indicate was successful. Thus, the plaintiff's treatment notes of May 2003 reflect that, after his surgery on his right knee in February 2003 (Tr. 170), the plaintiff no longer had pain in his right knee, was "doing very well," was

riding a bicycle and wanted the same surgery performed on his left knee (Tr. 202).  After surgery on his left knee in June 2003 (Tr. 195), the plaintiff was "[d]oing well" and had "excellent range of motion" (Tr. 200).

The plaintiff asserts, in his first of two arguments, that the law judge erred in concluding that the plaintiff could perform light work (Doc. 15, pp. 5-7).  In connection with that argument, the plaintiff discusses what is required for the performance of a full range of light work.  That discussion is beside the point because the law judge did not find that the plaintiff could perform the full range of light work.  Rather, the law judge limited the plaintiff's ability to perform light work.  Thus, the law judge restricted the plaintiff to performing work that requires frequent limitation in kneeling, squatting and high impact involving the knees (Tr. 15).  The law judge also limited the plaintiff to work not involving the use of leg controls (id.).  In addition, he restricted the work to routine tasks that allow for a sit/stand option.

The plaintiff is also mistaken in his argument that the law judge erred in finding that he "can frequently kneel, squat, and perform any height [sic] and impact activities involving the knees" (Doc. 15, p. 6). The law judge did not find that the plaintiff could perform these tasks on a frequent basis, but

rather, that the plaintiff was frequently limited in performing them.  In other words, the plaintiff could not perform the tasks frequently.

Moreover, when the law judge's finding is properly construed, it is clear that it is consistent with, and not contrary to, the opinions of the non-examining reviewing doctors.  Thus, one state examiner opined that the plaintiff is occasionally limited in climbing, balancing, stooping, kneeling, crouching and crawling (Tr. 180).  Another state examiner concluded that the plaintiff can occasionally climb, but never kneel (Tr. 188).  The law judge could properly reconcile these opinions by concluding that the plaintiff could kneel and squat occasionally, but could not do either frequently.

On this point, the plaintiff contends that his primary care doctor, Dr. Kulmeet Kundlas, said that he could not work due to pain (Doc. 15, p. 6).  It is doubtful that Dr. Kundlas made any such statement.  In support of the contention that he did, the plaintiff refers to a form that Dr. Kundlas left primarily unanswered (Tr. 210).  Thus, in answer to the question of "[w]hat are the physical or mental barriers that prevent the [plaintiff] from working?", Dr. Kundlas wrote "knee pain" (id.).  However, the next two questions asked the extent to which the plaintiff was disabled, and whether the condition was permanent or temporary (id.).  Dr. Kundlas did not answer these questions.

In any event, the law judge expressly and reasonably discounted Dr. Kundlas's comment. Thus, the law judge explained that the comment was not supported by the doctor's own notes or any medical evidence of record (Tr. 15). Furthermore, the law judge pointed out that Dr. Kundlas specifically declined to fill out disability forms for the plaintiff (Tr. 12, 15). In this respect, Dr. Kundlas stated that he had no communications from any of the plaintiff's physicians and thus was not in a position to help him (Tr. 208). He added the plaintiff should get the papers filled out by his orthopedic physician (Tr. 209). In other words, Dr. Kundlas, an internist, was not prepared to render an opinion concerning the plaintiff's alleged disability, but was deferring to the orthopedic specialist. Significantly, there is no opinion regarding disability or functional limitations in the record from any orthopedic surgeon.

In short, the only opinion in the record from a treating or examining physician concerning disability or functional limitations was the ambiguous comment from Dr. Kundlas. To the extent it opined that the plaintiff was disabled, the law judge reasonably rejected that opinion.

Under these circumstances, the law judge could rely upon the opinions of the reviewing physicians. Those opinions provided substantial

evidence supporting the law judge's finding that the plaintiff could perform a significant range of light work. That is particularly so in light of the fact that the opinions were stated before the plaintiff had his successful knee surgeries.

The plaintiff's second argument is stated as a failure by the law judge to give adequate weight to the evidence of pain in the record. The argument, as developed, seems to be a challenge to the discounting of an opinion by a treating physician (see Doc. 15, pp. 7-8). To the extent that is the thrust of the argument, the only opinion to which it could pertain is the comment by Dr. Kundlas. And, as explained, the law judge reasonably discounted that opinion.

The plaintiff's second contention may also be construed as a challenge to the law judge's credibility determination, although no meaningful argument has been developed along those lines. But even if it had been, it would fail.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical

evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

The law judge recognized the proper standard for evaluating subjective complaints. Indeed, he cited Landry, as well as the pertinent considerations set out in the regulations (Tr. 13-14). Moreover, the law judge set out the following detailed reasons for his credibility determination (Tr. 14):

> The medical evidence of record shows that the claimant has a history of bilateral knee pain. However, treatment notes from Dr. Messiah and Dr. Fisher repeatedly show tenderness of both knees, but range of motion was full and there was no crepitation, increased heat, or swelling (Exhibits 3F, 4F, 7F). Heel to toe reciprocal ambulation was normal without a limp (Exhibit 3F). Dr. Kundlas' examination showed only tenderness and mild swelling (Exhibit 10F). Dr. Messiah referred the claimant to physical therapy, but the claimant missed several appointments (Exhibit 2F), indicating that his pain was not as significant as he alleged. In May 2002, the claimant requested a knee brace because he used a friend's brace with good relief (Exhibit 3F/4). Dr. Messiah diagnosed only a mild effusion in the right knee and tenderness in both knees (Exhibit 3F/2). Significant narrowing of the medial compartments of both knees was noted (Exhibit 4F/3). In June 2003, the claimant had surgery on his left knee

(Exhibit 8F/1) and then had surgery on his right knee (Exhibit 4F/5). After the right knee surgery, the claimant reported no pain in that knee and was riding a bicycle (Exhibit 9F/3, 4). In November 2002, the claimant complained of pain in both knees and attempted to get a disability report signed. However, Dr. Kundlas refused to sign the form. He noted only mild swelling in both knees (Exhibit 10F/5).

The claimant entered the hearing with only one crutch. He maintains chronic knee pain, but records show he did very well after surgery on [his] right knee and was able to ride his bicycle. He asked Dr. Kundlas to sign a disability form, but he refused. The claimant has not seen an orthopedist since his surgery. Dr. Kundlas stated that the "patient is at optimal health for [his] age" (Exhibit 10F). Similarly, Dr. Fisher noted that the claimant was doing very well seven weeks after his right knee surgery. He was ambulating without crutches or braces. Dr. Fisher again noted that the claimant was doing well only two weeks after his left knee surgery (Exhibit 9F). There is no evidence to support the claimant's allegations that he is significantly limited in his ability to stand and walk. Again, Drs. Messiah, Fisher, and Kundlas all noted that the claimant's ambulation was normal. Crutches were never prescribed.

This is a rational explanation for the law judge's credibility determination.

Under the governing standards, this court is not authorized to substitute its

judgment for that of the law judge.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED.

The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 15th day of March, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE